IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






WR-65,032-01





EX PARTE FRANK GONZALEZ HERNANDEZ







ON APPLICATION FOR WRIT OF HABEAS CORPUS


IN CAUSE NO. 4024-A FROM THE


31
ST DISTRICT COURT OF WHEELER COUNTY





Per Curiam.


ORDER



 This is an application for writ of habeas corpus filed pursuant to Texas Code of
Criminal Procedure, Article 11.07.

 Applicant was convicted of possession of a controlled substance and sentenced, by a
jury, to confinement for 99 years on October 29, 2003. Applicant's conviction and sentence
was affirmed on direct appeal. Hernandez v. State, No. 07-04-00034-CR (Tex. App. --
Amarillo November 2, 2004, pet. ref'd). On May 10, 2006, applicant filed this application for
writ of habeas corpus. We remanded the case, directing the judge of the convicting court to
make findings and return the case to this Court within 120 days. Ex parte Hernandez, WR-65,032-01 (Tex. Crim. App. September 20, 2006). By letter, dated January 4, 2007, the judge
of the convicting court asked for an extension of thirty days to complete his findings. That
request was granted by this Court on January 8, 2007. By letter, dated February 20, 2007, the
judge of the convicting court again asked for an extension of time to complete his findings. 
This Court granted thirty days to return the findings to this Court. Thirty days has now passed
since the end of the extension of time granted to the convicting court to return the findings to
this Court.

 To reiterate, our order of September 20, 2006, which still stands, directed the judge of
the convicting court as follows:

 The trial court shall make findings of fact as to whether defense counsel
informed Applicant incorrectly about the applicable sentencing range for the charged
offense. The court shall also make findings as to whether the State made a ten-year
plea offer, and whether that offer was communicated to Applicant. The court shall
make findings as to whether there is evidence in the habeas record to support
Applicant's claim that he would have accepted the State's ten-year offer, had he been
aware that ten years was the minimum sentence for the charged offense. 


 The trial court shall also make findings as to whether counsel told the jury
during the guilt phase of trial that "the main issue" was punishment. If counsel did
make this statement the trial court shall supplement the record with any portion of the
transcript which might show the context of counsel's statement. The trial court shall
make findings as to whether counsel's statement, if he did make it during the guilt
phase, constituted deficient performance and caused prejudice in light of Applicant's
plea of not guilty. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of
Applicant's claim for habeas corpus relief.


 The presiding judge of the 31st District Court of Wheeler County, the convicting court,
shall comply with the September 20, 2006, order of this Court within 30 days from the date of
this order. No further extensions will be granted.

 IT IS SO ORDERED THIS THE 2nd DAY OF May , 2007.

Do Not Publish